UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BAYERISCHE LANDESBANK, NEW YORK BRANCH and
BAYERISCHE LANDESBANK,

                                Plaintiffs,

                -against-

ALADDIN CAPITAL MANAGEMENT LLC,

                                Defendant.

1:11-cv-00673 (DLC) (JLC)

ELECTRONICALLY FILED

---

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE FROM THE AMENDED COMPLAINT ALL REFERENCES TO BAYERISCHE LANDESBANK, NEW YORK BRANCH AS AN ALLEGED PLAINTIFF

CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY 10281
Tel: (212) 504-6000
Fax: (212) 504-6666

*Attorneys for Defendant*
*Aladdin Capital Management LLC*

Defendant Aladdin Capital Management LLC ("ACM"), pursuant to Federal Rule of Civil Procedure 12(f), respectfully submits this memorandum of law in support of its motion to strike the name of Plaintiff Bayerische Landesbank, New York Branch ("BayernLB-NY") from the caption of the Amended Complaint filed by BayernLB-NY and Plaintiff Bayerische Landesbank ("BayernLB"), as well as all other references therein to BayernLB-NY as a purported "plaintiff."[1]

## PRELIMINARY STATEMENT

In connection with Plaintiffs' appeal from this Court's prior decisions dismissing the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and denying Plaintiffs' motion for reconsideration, the United States Court of Appeals for the Second Circuit reinstated the Amended Complaint and thus had occasion to reach the question of BayernLB-NY's standing. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, No. 11-4306-cv, 2012 WL 3156441, at *7 (2d Cir. Aug. 6, 2012) (citing *Greenbaum v. Handlesbanken*, 26 F. Supp. 2d 649, 652-54 (S.D.N.Y. 1998) (Sotomayor, J.)).  As discussed further below, the Second Circuit concluded that BayernLB-NY, as the domestic branch of BayernLB (a foreign bank), has no legal identity separate from BayernLB and thus has no standing to sue in its own name. *See Bayerische Landesbank*, 2012 WL 3156441, at *7.  As a result, BayernLB-NY is not a proper plaintiff in this action, and any references to BayernLB-NY as a purported "plaintiff" are necessarily immaterial and redundant and should be stricken from the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f).[2]

---

[1]   ACM's references herein to BayernLB-NY as "Plaintiff" or as a "plaintiff" are not intended to waive any of ACM's rights with regard to BayernLB-NY's lack of standing.

[2]   ACM requested that Plaintiffs consent to dismiss BayernLB-NY as a plaintiff in this action and strike all references to BayernLB-NY as a plaintiff in the Amended Complaint.  Plaintiffs have not agreed to stipulate to ACM's request as of the time of this filing.

## STATEMENT OF FACTS

BayernLB-NY filed a Complaint in this action dated January 31, 2011, asserting claims against ACM for breach of contract and gross negligence in connection with ACM's management of a collateralized debt obligation known as Aladdin Synthetic CDO II (the "CDO").  *See* Dkt. # 1.  On April 4, 2011, ACM filed a motion to dismiss the Complaint in its entirety under Federal Rules of Civil Procedure 12(b)(1) and (6), including on the ground that BayernLB-NY, as the domestic branch of a foreign bank, has no capacity to sue such that it could plead a basis for diversity jurisdiction.  *See* Dkt. #s 11-13.  In response, BayernLB-NY filed the Amended Complaint, which added BayernLB as a party-plaintiff, but, in substance, was no different than the Complaint.  *See* Dkt. # 15.  On May 23, 2011, ACM filed a motion to dismiss the Amended Complaint in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and also moved to dismiss the claims brought by BayernLB-NY on the additional ground that BayernLB-NY lacks standing to sue.  *See* Dkt. #s 17-19.

On July 8, 2011, following a conference with the parties, the Court issued an Order and Judgment dismissing the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (the "July 8 Order"), and thus did not need to reach the issue of BayernLB-NY's lack of standing.  *See* Dkt. #s 25-26.  The Court thereafter denied Plaintiffs' motion for reconsideration (*see* Dkt. #s 27-28) by Order dated September 14, 2011 (the "September 14 Order," and, together with the July 8 Order, the "Orders").  *See* Dkt. # 33.  Plaintiffs appealed from the Court's Orders (*see* Dkt. # 34) and, in an opinion dated August 6, 2012 (the "Opinion"), the Second Circuit reversed the Judgment and Orders of the Court and remanded this action "for further proceedings consistent with th[e] Opinion."  *Bayerische Landesbank*, 2012 WL 3156441, at *21.  That Opinion expressly found that BayernLB-NY has no standing to sue ACM in its own name and is not a proper plaintiff:

> [ACM] argues that [BayernLB-NY] lacks standing to sue, and thus is not a proper party to this case.  We agree.  [BayernLB-NY] is merely a branch of [BayernLB's] German headquarters that is licensed to do business in the U.S., through its charter with the Office of the Comptroller of the Currency, pursuant to the International Banking Act, 12 U.S.C. § 3101 (2006).  It is not separately incorporated, has no legal identity separate from [BayernLB], and therefore has no standing to assert a claim against [ACM] independent of [BayernLB's] claim. . . . It does not appear that this has any effect on the case in any material way, since [BayernLB] is a proper plaintiff, and any actions affecting the New York branch in this case likewise affect Bayerische proper. Accordingly, we will treat the claims of [BayernLB-NY] and [BayernLB] as one and the same.

Id. at *7 (citations omitted; emphasis added).  The Second Circuit's mandate remanding the action for proceedings in accordance with the Opinion was issued on August 29, 2012 (the "Mandate").  See Dkt. # 36.

## ARGUMENT

Where, as here, an alleged plaintiff lacks standing and is not a proper party, the Court may, either on its own or on a party's motion, remove the purported plaintiff's name from the complaint and dismiss all claims brought by that "plaintiff."  See Fed. R. Civ. P. 12(f) (providing that the Court, sua sponte or on a motion, may strike from a complaint "any redundant, immaterial, impertinent, or scandalous matter"); Ruffino v. Lantz, No. 3:08-cv-1521, 2009 WL 700653, at *3 (D. Conn. Mar. 13, 2009) (granting defendants' motion to strike plaintiffs' names from complaint pursuant to Fed. R. Civ. P. 12(f) where such parties had "not satisfied the requirements to be plaintiffs" and their inclusion in the caption was therefore deemed "immaterial"); Haag v. MVP Health Care, No. 1:12-CV-536, 2012 WL 2018205, at **3, 8 (N.D.N.Y. June 6, 2012) (finding on its own that plaintiff lacked standing and dismissing plaintiff's claims and directing removal of plaintiff's name from case caption sua sponte); see also Crigger v. Fahnestock & Co., No. 01 Civ. 781, 2005 WL 774240, at **2-3 (S.D.N.Y. Apr.

6, 2005) (granting defendants' motion to dismiss plaintiffs from case for lack of standing and removing plaintiffs from case caption); *Greenbaum*, 26 F. Supp. 2d at 654-55 (noting on motion for reconsideration that plaintiff's motion to correct caption so as to name foreign bank, rather than domestic branch, as defendant should have been granted given that branch had no legal identity separate from foreign parent and thus could not sue or be sued, and substituting foreign bank as proper defendant).  The same result is plainly warranted here.

As noted above, the Second Circuit, which had occasion to reach the question of BayernLB-NY's lack of standing, held that BayernLB-NY "is not separately incorporated, has no legal identity separate from [BayernLB], and therefore has no standing to assert a claim against [ACM] independent of [BayernLB's] claim."   *Bayerische Landesbank*, 2012 WL 3156441, at *7.   In reaching this conclusion, the Second Circuit cited well-established law providing that a domestic branch of a foreign bank has no legal identity separate and apart from its parent and thus has no capacity to sue or be sued.  *See, e.g., Greenbaum*, 26 F. Supp. 2d at 652-55.   As a result, the inclusion of BayernLB-NY as an alleged plaintiff is improper.[3] Moreover, because BayernLB-NY is not a proper plaintiff, and its purported claims are redundant of those of BayernLB, BayernLB-NY's inclusion as a party in the Amended Complaint is immaterial.  *See Ruffino*, 2009 WL 700653, at *3; *see also Bayerische Landesbank*,

---

[3]   BayernLB-NY should be stricken from the Amended Complaint as a plaintiff, and its claims dismissed, for the additional reason that this issue has been decided by the Second Circuit and the requested order would therefore be consistent with the Opinion and, hence, the Mandate.  *See Tyco Int'l Ltd. v. Walsh*, No. 02 Civ. 4633, 2012 WL 2359643, at **6-7 (S.D.N.Y. June 20, 2012) (Cote, J.) (noting that "mandate rule" generally prohibits "'relitigation of issues explicitly or impliedly decided by the appellate court,'" and declining to reopen an issue on remand where mandate could not "reasonably be construed as permitting th[e] Court" to do so) (emphasis omitted); *see also Kidder, Peabody & Co. v. Maxus Energy Corp. (In re Ivan F. Boesky Sec. Litig.)*, 957 F.2d 65, 69 (2d Cir. 1992) ("The district court's actions on remand should not be inconsistent with either the express terms or the spirit of the mandate").

2012 WL 3156441, at *7 (inclusion of BayernLB-NY as a purported plaintiff would not have "any effect on the case in any material way, since [BayernLB] is a proper plaintiff").

## <u>CONCLUSION</u>

For all of the foregoing reasons, ACM respectfully requests that the Court grant its motion to strike from the Amended Complaint, including from the caption, all references to BayernLB-NY as a "plaintiff" and to dismiss all claims brought against ACM by BayernLB-NY.

Dated:    New York, New York
          September 20, 2012

                              Respectfully submitted,

                              CADWALADER, WICKERSHAM & TAFT LLP


                              By:_____/s/ Jason M. Halper_____
                                        Jason M. Halper
                                        Lambrina Mathews

                              One World Financial Center
                              New York, NY 10281
                              Telephone: (212) 504-6000
                              Fax: (212) 504-6666
                              lambrina.mathews@cwt.com

                              *Attorneys for Defendant*
                              *Aladdin Capital Management LLC*